Teamsters Local Union No. 77, Plaintiff, *v.*
Pennsylvania Labor Relations Board,
Defendant.

Argued November 15, 1973, before Judge ROGERS, sitting as hearing judge.

*Howard J. Casper,* with him *Casper & Muller,* for plaintiff.

*Francis A. Zulli,* for defendant.

*Carmen P. Belefonte,* with him *Kassab, Cherry & Archbold,* for intervening defendant.

MEMORANDUM OPINION AND ORDER: Teamsters Local Union No. 77, an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and

Helpers of America, has filed its Complaint in Equity against the Pennsylvania Labor Relations Board seeking a preliminary and permanent order directing the Board to strike from a list of names of arbitrators in a certain matter those of Joseph Brandschain, G. Allan Dash, Jr. and Eli Rock and to substitute others in their stead. Since the matter in question is a dispute involving the guards at the Broadmeadows Prison, Delaware County, the County Board of Prison Inspectors was allowed intervention as a defendant, without objection. We have conducted a hearing upon the plaintiff's motion for preliminary relief.

The complaint and proofs show that after the Board submitted the names of Messrs. Brandschain, Dash and Rock, the plaintiff sought their removal and the Board refused. The plaintiff's reason for seeking the removal of Mr. Brandschain is his representation as lawyer of Sears Roebuck and Co. in a matter in which its adversary is another Local Union affiliated with the International Brotherhood of Teamsters, represented by the plaintiff's counsel here. The removal of Messrs. Dash and Rock is sought because they allegedly refuse to act as arbitrators in matters in which plaintiff's counsel are engaged as the result of latters' action in seeking the removal of one of them as an arbitrator in another case.

We refuse the motion for preliminary relief for several reasons:

(1) As to Mr. Brandschain, there is no proof of any reason why he should be prejudiced against plaintiff, much less a showing of actual prejudice. His representation of an employer in a case against or dispute with a different Local represented by plaintiff's counsel, provides no reason why he cannot act impartially as an arbitrator in this case. The trial of lawsuits before lawyer-arbitrators, an absolute essential to the viability of our judicial system, is based on the recognition

that a lawyer, as well as a judge, can subordinate his personal feelings to the requirements of justice.

(2) As for Messrs. Dash and Rock, the allegation is that they simply will not serve on a case in which plaintiff's counsel are engaged. Under the statute cited in paragraph (3) below, it is entirely possible that neither Mr. Dash nor Mr. Rock will be the arbitrator chosen. If either is, and in fact refuses to act, the Board will then have to determine the proper procedure under the law to get an arbitrator who will serve. The Board did not know of Messrs. Dash's and Rock's alleged refusal to act when it chose them for the list. It is not required now to accept counsel's unilateral representations that they will not serve. They were not produced at our hearing.

(3) The statutory provision here pertinent is Section 806(2) of the Public Employe Relations Act. Act of July 23, 1970, P. L. 563, 43 P.S. §1101.806(2) which reads: "If the members so selected are unable to agree upon the third member within ten days from the date of their selection, the board shall submit the names of seven persons, each party shall alternately strike one name until one shall remain. The public employer shall strike the first name. The person so remaining shall be the third member and chairman." It is obviously the purpose of this provision to give the plaintiff the very opportunity it here seeks, the elimination from the list of persons it would prefer not to have as an arbitrator.

(4) The law is that the courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; and that they will not inquire into the wisdom of the acts of such agencies. *Blumenschein v. Pittsburgh Housing Authority*, 379 Pa. 566, 109 A. 2d 331 (1954). There is no evidence here which would give us the right

under the law to tell this Board which is following the statute how otherwise to conduct the selection of the third arbitrator.

(5) The plaintiff seeks a preliminary mandatory injunction. Such relief may be granted only where the plaintiff's right is clear and immediate and irreparable injury would result. The courts will be particularly chary of granting such relief in interference with an administrative function of state government. *McMullan v. Wohlgemuth,* 444 Pa. 563, 281 A. 2d 836 (1971). The plaintiff's right seems to us unclear and the immediacy and irreparability of injury is not apparent. It is noted that the eventual award would be subject to review by this court. Pa. RJA 2101.

### ORDER

And now, this 27th day of November, 1973, the plaintiff's motion for preliminary injunction is denied.